UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **ALESSANDRO DA SILVA** | **CIVIL ACTION NO. 25-1960** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE JERRY EDWARDS, JR.** |
| **HERIBERTO TELLEZ, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## MEMORANDUM RULING AND ORDER

Petitioner Allesandro Da Silva, a detainee at Jackson Parish Correctional Center in the custody of the Department of Homeland Security and the Bureau of Immigration and Customs Enforcement ("ICE"), petitions for a writ of habeas corpus under 28 U.S.C. § 2241. For reasons that follow, his petition is GRANTED, and Respondents shall hold an individualized bond hearing for him within seven days.

### Merits

Petitioner is a citizen of Brazil. [Doc. 12-1, p. 1]. He entered the United States without inspection on or about October 2018. [Doc. 1, p. 5]. He "was not admitted or paroled after inspection by an immigration officer." [Doc. 12, p. 8]. ICE arrested him on September 24, 2025. *Id.* He was "not in possession of a valid passport or any documentation to be in the United States and was charged with violating section 212(a)(6)(A)(i) and 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act." *Id.*

Petitioner claims that the Government refuses to provide him a bond hearing. [Doc. 1, p. 1]. He maintains that the Government is erroneously and unlawfully detaining him under 8 U.S.C. § 1225. *Id.* at 7. He states that, instead, it should classify him as detained under 8 U.S.C. § 1226(a), because he was "present and residing in the United States before ICE arrested him and placed him

in removal proceedings." *Id.* He adds, "Noncitizens detained under 8 U.S.C. § 1226(a) are entitled to individualized determinations concerning their eligibility for release for the pendency of removal proceedings." *Id.* at 4. He asks the Court to order Respondents to conduct a bond hearing. *Id.* at 10.

Respondents oppose the petition. They maintain that Petitioner is detained under 8 U.S.C. § 1225, and is therefore not entitled to a bond hearing. [Doc. 12].

As acknowledged by Respondents, this Court has rejected their arguments in recent cases that presented the same core issues, *Kostak v. Trump*, No. 25-cv-1093, 2025 WL 2472136 (W.D. La. Aug. 27, 2025) and *Lopez-Santos v. Noem*, et al, No. 25-cv-1193, 2025 WL 2642278 (W.D. La. Sept. 11, 2025). [doc. 12, p. 27]. Respondents' arguments were also rejected in *Martinez v. Trump*, 25-cv-1445, 2025 WL 3124847 (W.D. La. Oct. 22, 2025), and *Martinez v. Rice*, 25-cv-1780, 2025 WL 3554620 (W.D. La. Dec. 11, 2025). The Court's reasons for granting habeas relief in those cases apply here. Petitioner is detained under § 1226 and as such he is entitled to bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

## EAJA Fees

Petitioner requests attorney's fees under the Equal Access to Justice Act ("EAJA").[1] 28 U.S.C. § 2412(d)(1)(A). Because fees under the EAJA are not available in habeas corpus proceedings, Petitioner's request is denied. *Barco v. Witte*, 65 F.4th 782. (5th Cir. 2023).

---

[1] [Doc. 1, p. 10].

2

**Conclusion**

**IT IS ORDERED** that Petitioner's petition is **GRANTED** and that Respondents shall provide Petitioner an individualized bond hearing before an immigration judge under Section 1226(a), within **seven (7) days** of the date of this Memorandum Ruling and Order.

**IT IS FURTHER ORDERED** that Petitioner's request for attorney's fees under the EAJA is **DENIED**.

ALEXANDRIA, LOUISIANA, this 12th day of January, 2026.

*/s/ Jerry Edwards, Jr.*
_____
JERRY EDWARDS, JR.
UNITED STATES DISTRICT JUDGE